# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| LARRY SPOHN, | No.  54914-0-II |
| Respondent, | |
| v. | |
| DEPARTMENT OF LABOR AND INDUSTRIES, | PUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — The Department of Labor and Industries appeals the superior court's order granting Larry Spohn's motion for summary judgment and reversing the Board of Industrial Insurance Appeals' order denying Spohn's claim for benefits.  The Department argues that the superior court improperly relied on hearsay to establish evidence of Spohn's medical condition and that the superior court improperly granted Spohn's motion for summary judgment because Spohn failed to establish a qualifying medical condition.

Spohn was employed as a firefighter from 1990 to 2013.  Spohn claimed an occupational disease; however, Spohn failed to provide any admissible medical evidence establishing a qualifying medical condition to support his claim for benefits.  Therefore, the superior court erred by granting Spohn's motion for summary judgment.  Thus, we reverse the superior court's order granting summary judgment and remand with instructions to enter summary judgment in favor of the Department.

FACTS

In 2017, Spohn filed a report of accident with the Department. The report identified the body part that was injured or exposed as the "heart." Administrative Record (AR) at 355. Spohn provided the following description of the injury or exposure, "climbing hillside when experiencing shortness of breath along [with] many years exposure to toxic fumes and smoke." AR at 355.

The Department denied Spohn's claim for benefits because the application did not include a licensed physician's report or medical proof,[1] the presumption of an occupational disease in firefighters did not apply, and Spohn's condition was not an occupational disease. After reconsideration, the Department affirmed the order denying Spohn's claim for benefits.

Spohn appealed the Department's decision. Spohn then filed a motion for summary judgment. In support of his motion, Spohn relied on his attorney's declaration, which included some medical records from 2008. The records were from Providence Cardiology Associates and included a diagnosis of angina. There were eight pages of records in total. The industrial appeals judge (IAJ) denied Spohn's motion for summary judgment and set the matter for a hearing.

At the hearing before the IAJ, the only evidence presented was Spohn's testimony. Spohn testified that between 2006 and 2008, he experienced fatigue; shortness of breath; and pain in his shoulder, chest, and back. He also testified these symptoms occurred within 72 hours of fighting fires. Firefighting activities included exposure to smoke, fumes, and toxic substances. Spohn also experienced the same symptoms on medical calls that required lifting obese patients or involved

---

[1] Spohn's application for benefits failed to include a physician's report or medical proof. The Department notified Spohn that it had not received the provider's section of the application four separate times.

canyon and river rescues. After one specific incident in a canyon, during which Spohn experienced severe shortness of breath, Spohn went to see a cardiologist.

Spohn testified that he saw several cardiologists in 2008. He stated that in the summer of 2009, he had three stents placed in his heart. Spohn also testified that the placement of the stents helped his shortness of breath, fatigue, and chest pain.

Following the hearing, the IAJ issued a proposed decision and order. The IAJ found that Spohn "experienced shortness of breath, chest pains, and fatigue within 24 hours of strenuous physical exertion due to firefighting activities" in between 2006 and 2008. AR at 39. The IAJ also found that Spohn received three heart stents in the summer of 2009, which alleviated the shortness of breath, fatigue, and chest pain.

The IAJ concluded that Spohn's 2008 medical records were inadmissible as substantive evidence of Spohn's diagnosis and considered them only for the limited purpose of notice. The IAJ also concluded that Spohn "was not competent to identify and diagnose heart problems for the purpose of the application of the presumption, within the meaning of RCW 51.32.185." AR at 41. The IAJ ruled that Spohn's alleged heart problem was not an occupational disease and affirmed the Department's order rejecting the claim.

Spohn filed a petition for review with the Board of Industrial Insurance Appeals. The Board denied Spohn's petition for review. The Board adopted the IAJ's proposed decision and order as the Board's order.

Spohn appealed the Board's order to the superior court. Spohn then filed a motion for summary judgment, and the Department filed a cross motion for summary judgment. During a hearing on the motions, the superior court questioned why the medical records were not sufficient

3

to show a heart problem. Although there was a discussion about whether the medical records satisfied the hearsay exception for statements made for the purpose of medical diagnosis and treatment, the superior court did not specifically clarify whether it was considering the medical records as substantive evidence.

The superior court granted Spohn's motion for summary judgment and denied the Department's cross motion for summary judgment. The superior court reversed the Board's order and ordered that the claim be remanded for the Department to allow Spohn's claim.

The Department appeals.

ANALYSIS

A.    STANDARD OF REVIEW

When "[r]eviewing a decision under the Industrial Insurance Act (IIA), the superior court 'considers the issues de novo, relying on the certified board record.'" *White v. Qwest Corp.*, 15 Wn. App. 2d 365, 371, 478 P.3d 96 (2020), *review denied*, 197 Wn.2d 1014 (2021) (quoting RCW 51.52.115). On appeal, we review the superior court's order, not the Board's order. *Id*. The superior court's order "is subject to the ordinary rules governing civil appeals." *Id.*; RCW 51.52.140.

Our review of the superior court's order on summary judgment is de novo. *White*, 15 Wn. App. 2d at 371. We review "the superior court's grant of summary judgment to determine whether the evidence shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (internal quotation marks omitted) (quoting *Romo v. Dep't of Labor & Indus.*, 92 Wn. App. 348, 354, 962 P.2d 844 (1998)). Evidence considered

4

on summary judgment must be admissible. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 141, 331 P.3d 40 (2014). "Unauthenticated or hearsay evidence does not suffice." *Id.*

B.     HEARSAY EVIDENCE

The Department argues that the superior court erred by relying on medical records as substantive evidence because the medical records were inadmissible hearsay. To the extent the superior court relied on the medical records as substantive evidence, we agree.

We review the superior court's evidentiary rulings for an abuse of discretion. *Spencer v. Badgley Mullins Turner, PLLC*, 6 Wn. App. 2d 762, 784, 432 P.3d 821 (2018), *review denied*, 193 Wn.2d 1006 (2019). The superior court "abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds or reasons." *Id*.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). Hearsay is inadmissible unless the statements fall within one of the recognized exceptions to the hearsay rule. ER 802. Under ER 803(a)(4), the following statements are not excluded by the hearsay rule:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

Here, Spohn argues that his medical records are admissible as substantive evidence to establish his diagnosis under ER 803(a)(4). However, ER 803(a)(4) only allows for admission of *Spohn's statements* contained in the records. Nothing in ER 803(a)(4) allows for the admission of medical records to prove a patient's diagnosis because the diagnosis is a statement made by the medical provider, not by the patient. Therefore, the medical records submitted by Spohn are

inadmissible as substantive evidence of Spohn's medical diagnosis or condition. To the extent the superior court relied on the medical records in its summary judgment ruling, the superior court erred.

C.      QUALIFYING MEDICAL CONDITION

The Department argues that the superior court erred by granting Spohn's motion for summary judgment because Spohn did not provide any evidence of a qualifying medical condition. We agree.

An occupational disease is a "disease or infection as arises naturally and proximately out of employment." RCW 51.08.140. Under RCW 51.32.185(1)(a)(ii),[2] there is a presumption for firefighters that "any heart problems, experienced within seventy-two hours of exposure to smoke, fumes, or toxic substances, or experienced within twenty-four hours of strenuous physical exertion due to firefighting activities" are occupational diseases.

Throughout this case, and on appeal, Spohn has argued that no medical testimony is required for claims made under RCW 51.32.185 because of the presumption in RCW 51.32.185(1)(a)(ii). But Spohn provides no direct authority for this assertion and it is clearly contradicted by *Gorre v. City of Tacoma*, 184 Wn.2d 30, 38, 357 P.3d 625 (2015), which required medical testimony to show that the there was a qualifying condition under the statute.

The presumption in RCW 51.32.185(1)(a) "is simply a shortcut *for proving medical causation*—i.e. that job conditions caused an occupational disease." *Id*. Expert medical testimony

---

[2] RCW 52.32.185 was amended in 2018. As part of this amendment, subsection (1) was reconfigured so that RCW 52.32.185(1)(b), the relevant subsection in 2007 at the time Spohn filed a report of accident with the Department in 2017, was renumbered as RCW 52.32.185(1)(a)(ii). We cite to the current subsection.

is still required to demonstrate that a patient's *diagnosis* meets the definition of a qualifying medical condition under RCW 51.32.185(1)(a)(ii) for the presumption to apply. *See id.* This is because testimony about symptoms is not a substitute for a doctor's testimony that symptoms are evidence establishing a particular health condition that qualifies for the presumption. *Id.* at 38-39.

Spohn contends that he is entitled to the presumption in RCW 51.32.185(1)(a)(ii) because he provided evidence that he suffered shortness of breath, fatigue, and other symptoms with 72 hours of exposure to smoke, fumes, or toxic substances and within 24 hours of strenuous physical exertion due to firefighting activities.[3] But experiencing symptoms that could reflect a heart condition is not sufficient to trigger the presumption in RCW 51.32.185(1)(a)(ii) without a doctor providing a medical opinion that those symptoms were caused by a heart condition.[4] As our Supreme Court has recognized, testimony about symptoms is not a substitute for a doctor's testimony that the symptoms were evidence of a specific health condition. *Gorre*, 184 Wn.2d at 38. Medical testimony is required to connect the symptoms that Spohn experienced to a heart problem. Spohn has not provided any admissible medical evidence that the symptoms he experienced were related to a heart problem.

Spohn also contends that the stents he received in 2009 are evidence that he was suffering from a heart problem. However, evidence of stents being placed in 2009 is not evidence that Spohn had a heart condition between 2006 and 2008, when Spohn testified that the symptoms occurred.

---

[3] On appeal, Spohn also argues that the Board's findings of fact do not support its conclusions. However, our review is limited to the superior court's order granting summary judgement, not the Board's order. *White*, 15 Wn. App. 2d at 371.

[4] Shortness of breath, fatigue, and similar symptoms could be caused by heart problems, but they also could be related to problems unrelated to the heart.

*See id.* at 39 (noting 51.32.185(1)(a)(ii) "applies only to heart problems experienced shortly after certain firefighting activities" and recognizing some heart problems may occur too late to be entitled to the presumption). Here, Spohn has not provided any admissible medical evidence that the symptoms he experienced within the relevant time period were related to a heart problem.

Our Supreme Court reached a similar conclusion in *Gorre*. There, it was undisputed that Gorre suffered from valley fever and that valley fever was contracted by inhaling fungal spores. *Id.* at 34-35. Gorre argued that, as a firefighter, he was entitled to the occupational disease presumption for respiratory and infectious diseases. *Id.* at 35-36. Our Supreme Court disagreed and held that valley fever was not a respiratory disease entitled to the presumption because there was no expert testimony establishing valley fever was a disease "that the medical profession understands to be respiratory diseases." *Id.* at 47.

*Gorre* supports the Department's position that in order to be entitled to the presumption of an occupational disease, a firefighter must first establish that they have a medical condition that qualifies for the presumption. Here, Spohn simply failed to do so because there is no medical evidence that Spohn suffered from a *heart problem* within 72 hours of exposure to smoke, fumes, or toxic substances or within 24 hours of strenuous exertion due to firefighting activities. Spohn has only shown that he had *symptoms* within the relevant time frame or he had a heart condition outside the relevant time frame. Spohn has provided no admissible medical evidence that the symptoms he suffered within the relevant time frame were related to a heart condition. Without medical testimony linking his symptoms to a heart condition, Spohn has not shown that he has a medical condition that qualifies for the presumption in RCW 51.32.185(1)(a)(ii).

No. 54914-0-II

CONCLUSION

Because Spohn has not shown that he has a qualifying medical condition that qualifies for the presumption in RCW 51.32.185(1)(a)(ii), the superior court erred by granting Spohn's motion for summary judgment. Therefore, we reverse the superior court's summary judgment order. Further, because none of the facts of this case are in dispute and the Department properly rejected Spohn's claim, we remand for the superior court to enter summary judgment in favor if the Department. *See Impecoven v. Dep't of Revenue*, 120 Wn.2d 357, 365, 841 P.2d 752 (1992).

_____, C.J.
Lee, C.J.

We concur:

_____
Maxa, J.

_____
Cruser, J.

9